Paul JIMINEZ, James J. Kelly, Robert Koon and Anthony Picarello, Plaintiffs,

v.

Eugene BRIODY, Richard Besthoff, Antonio Sanchez, John Behrmann, and Local 1–2, Utility Workers Union of America, AFL–CIO, Defendants.

No. 89 CIV 8646 (LBS).

United States District Court, S.D. New York.

June 29, 1990.

Thomas A. Stickel, New York City (Thomas A. Stickel, Irwin Geller, of counsel), for plaintiffs.

Menagh, Trainor & Mundo, New York City (Douglas Menagh, Vito V. Mundo, of counsel), for defendants.

OPINION

SAND, District Judge.

I have now had an opportunity to read the briefs. The following constitutes the opinion and order of the court.

On the order to show cause for preliminary injunction brought by the plaintiffs, who are proponents of certain revisions to the By–Laws for Local 1–2, Utility Workers Union of America, AFL–CIO, this application must be put in the context of this court's prior determination with respect to this pending election, and the decision rendered on March 30, 1990 by the Honorable Charles S. Haight, Jr., who heard a subsequent application in my absence.

In the order to show cause, and in the oral presentation made to the court this morning, plaintiffs sought three avenues of relief: One, which related to the inspection and/or copying of the proposed ballot, has been resolved by agreement of the parties

as evidenced by the record of these proceedings.

The two unresolved matters relate to whether the all-day election scheduled for April 18 will be conducted in the Hilton Hotel, as proposed by the defendants, or the 14th Street Armory, as proposed by the plaintiffs, and to the number of observers at the election which plaintiff will be allowed.

In order to prevail on the application for preliminary injunction, the plaintiffs must show irreparable injury, a probability of success on the merits, or a fair ground for litigation, and a balance of the equities tilting in their favor.

Plaintiffs have two additional burdens:

(1) To show that the matter presently before the court was not previously ruled upon by Judge Haight; and

(2) That the matter is not one which relates to the internal affairs of the Union but does impact on the fairness of the proceedings contemplated and the plaintiffs' rights under the LMRA.

When Judge Haight determined that there should be an all-day election, to avoid disenfranchisement of significant segments of the Union membership, it became appropriate to select a site for that all-day election. The defendants assert that they have selected the Hilton Hotel, that they have paid a $5,000 deposit on those premises; that they are suitable premises; that notices of the meeting have already been posted, and that notices indicating that to be the place of balloting are presently being placed in the mail.

The plaintiffs assert that the Hilton is unsuitable because of the traffic congestion in midtown and Manhattan, the Hilton being on 6th Avenue, between 53rd and 54th, and the logistical problems which will confront their efforts to bus members from Westchester and Staten Island to the Hilton where busses are not permitted to stand.

Counsel for the defendants asserts that counsel for the plaintiffs was advised in a telephone conversation on Tuesday, April 3rd, of the time and place of the meeting, and that there was no objection raised until the serving of these papers. Counsel for the plaintiffs denies having been so advised.

The application for a preliminary injunction with respect to the place of balloting is denied. First, the selection of a place for balloting is an administrative matter which should not be the subject of judicial intervention absent some showing that the place has been selected for purposes of depriving the plaintiffs of rights under the LMRA.

It is not this court's function to determine whether the Hilton Hotel or the 14th Street Armory would be the better place to conduct the election. The issue before this court is whether the selection of the Hilton Hotel is one which, as the court has stated, would violate some justiciably recognizable right of the plaintiffs.

The Hilton Hotel is located centrally in Manhattan, and public transportation facilities, including the east three subway lines run within a block of the hotel. It is a hotel which is regularly utilized by those holding conferences and conventions.

To change the place of balloting at this late date, after notices have already been posted and distributed, would create a disruption and a confusion which should not be required, absent a strong showing of impropriety in the selection of the place of balloting. The court finds no impropriety and denies the relief.

With respect to the adequacy of observers, the defendant takes the position that this was a matter which was raised before Judge Haight, that Judge Haight granted no relief with respect to that issue, and that the plaintiffs' recourse should have been an appeal from that decision rather than a new application.

The plaintiffs respond that the matter of observers is now different since there will be an all-day election.

Defendants respond that they recognize that having an all-day election will require additional observers, and that that matter is under review, and within a day or so, the plaintiffs will be advised of the number of observers which they will be allowed.

It is certainly in the best interests of the defendants as well as the plaintiffs that this election be conducted in the manner which can withstand scrutiny against any challenges of impropriety. It would be a waste of Union assets if this election were not conducted in a fair manner.

The court assumes, therefore, that the defendants will advise the plaintiffs not later than the close of business on Wednesday of this week of the number of observers who will be allowed, taking into consideration the physical arrangement at the Hilton and the fact that the election will be conducted all day.

The court further notes that the Honest Ballot Association will be administering the election which furnishes some additional assurance of the integrity of the procedures to be followed.

The court, therefore, denies the application to have this court designate a number of observers to be held at that election.

The application for a preliminary injunction is denied.

If the parties wish to take an immediate appeal of that order, they should submit a written order to the court as soon as possible.

This hearing its concluded. Thank you.

SO ORDERED.